UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROY SKEWIS,<br><br>      Plaintiff,<br><br> v.<br><br>CAROLYN W. COLVIN. Commissioner of Social Security,<br><br>      Defendant. | Case No. 3:13-cv-05321-RBL-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for April 25, 2014 |

  Plaintiff has brought this matter for judicial review of defendant's denial of his applications for disability insurance and supplemental security income ("SSI") benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Court's review, recommending that for the reasons set forth below, defendant's decision to deny benefits should be reversed and this matter should be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

  On October 31, 2011, plaintiff filed applications for disability insurance and SSI benefits, alleging disability as of September 30, 2009, due to a back injury, right leg and ankle problems, high blood pressure, acid reflux, and colon cancer in 1998 with no recurrence. *See* Administrative Record ("AR") 182-99, 67. Plaintiff's applications were denied upon initial

REPORT AND RECOMMENDATION - 1

administrative review and on reconsideration. *See* AR 65-66, 87-88. A hearing was held before an administrative law judge ("ALJ") on October 10, 2012, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. *See* AR 40-64.

On November 5, 2012, the ALJ issued a decision in which plaintiff was determined to be not disabled. *See* AR 18-39. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on March 19, 2013, making the ALJ's decision defendant's final decision. *See* AR 1-6; *see also* 20 C.F.R. § 404.981, § 416.1481. On April 26, 2013, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision. *See* ECF #1. The administrative record was filed with the Court on July 8, 2013. *See* ECF #12. The parties have completed their briefing, and thus this matter is now ripe for judicial review and a decision by the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to defendant for an award of benefits, because the ALJ erred: (1) in evaluating the opinion of examining doctor Paul Allen, M.D.; (2) in discounting the opinion of examining doctor Thomas Gritzka, M.D.; (3) in discounting plaintiff's credibility; and (4) in assessing plaintiff's residual functional capacity ("RFC") and posing incomplete hypotheticals to the vocational expert ("VE"). Plaintiff also argues that new evidence incorporated into the record by the Appeals Council—a supplemental letter written by Dr. Gritzka in January 2013—warrants remand for further consideration. For the reasons set forth below, the undersigned agrees the ALJ erred in evaluating the opinion of Dr. Allen, and thus also erred in assessing plaintiff's RFC and posing incomplete hypotheticals to the VE. The undersigned, however, recommends that while defendant's decision should be reversed, this matter should be remanded for further administrative proceedings, rather than for an award of benefits.

REPORT AND RECOMMENDATION - 2

DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F. Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Sec. of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must

REPORT AND RECOMMENDATION - 3

I.      The ALJ's Evaluation of the Medical Evidence in the Record

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in

---

> scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 4

the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson*, 359 F.3d at 1195; *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

A.   <u>Dr. Paul Allen, M.D.</u>

Dr. Allen examined plaintiff in October 2011 and opined in relevant part that "it is reasonable to limit continuous sitting, standing and walking to 60 minutes with a total combined sitting/standing/walking eight hours out of an eight-hour day . . . ." AR 464-65. The ALJ gave this opinion significant weight and found that the "RFC which limits the claimant to light work with a sit/stand option, as well as some postural and environmental limitations is not inconsistent with Dr. Allen's opinion." AR 29-30.

Plaintiff contends that the ALJ erred by giving significant weight to Dr. Allen's opinion but omitting the requirement that plaintiff be allowed to walk throughout the day. Plaintiff

REPORT AND RECOMMENDATION - 5

further contends that, at a minimum, Dr. Allen's opinion is ambiguous as to the walking requirement.  Defendant responds that Dr. Allen did not opine plaintiff needed to walk; he opined plaintiff needed to change positions throughout the day.

The undersigned agrees with plaintiff that Dr. Allen's opinion limiting plaintiff to "a total combined sitting/standing/walking eight hours out of an eight-hour day" is ambiguous.  Dr. Allen's language that plaintiff could spend eight hours a day "sitting/standing/walking" suggests that plaintiff could perform any combination of those activities for eight hours a day, as long as he was permitted to change positions.  Dr. Allen, however, rejected the possibility that plaintiff could perform jobs with frequent standing and walking, AR 464, which indicates that his opinion regarding "sitting/standing/walking" could not be reasonably interpreted to mean only standing and walking.  This in turn calls into question whether Dr. Allen's opinion could be reasonably interpreted to limit plaintiff to sitting and standing, as the ALJ found.  Furthermore, Dr. Allen's language regarding "*total combined* sitting/standing/walking" suggests that plaintiff needed to sit, stand, *and* walk during an eight hour day.

Because the ALJ gave Dr. Allen's ambiguous opinion significant weight, remand for further proceedings is required so that the ALJ can further develop the record.  *See Tonapetyan*, 242 F.3d at 1150 (ALJ has a duty to develop the record further when there is ambiguous evidence); *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001).  On remand, the ALJ should contact Dr. Allen, obtain clarification regarding his opinion, reconsider Dr. Allen's opinion, and as necessary, revise plaintiff's RFC, and proceed with steps four and five.[2]

---

[2] Given this finding, the Court need not further discuss plaintiff's arguments that the ALJ's RFC and hypothetical questions to the VE were incomplete.

REPORT AND RECOMMENDATION - 6

B.     Dr. Thomas Gritzka, M.D.

Dr. Gritzka examined plaintiff in September 2012 and reviewed his medical records, including his pre-surgery MRI from October 2009 and his post-surgery MRI from June 2012. AR 547-57.  He opined that plaintiff has a "recurrent intervertebral disk herniation at L5-S1." AR 557.  Dr. Gritzka stated:

> In my opinion, based on my review of the records, imaging studies and exam of Mr. Skewis, since 9/30/09 the examinee has not been able to work, on a regular and sustained basis eight hours a day, five days a week, to engage in sedentary, medium or light work as defined by the Social Security definitions. . . .  Currently he has findings, on physical exam that would place him in a work category of less than sedentary.  His most recent MRI scan is significant and he may be a candidate for additional surgery.

AR 556.  Dr. Gritzka found plaintiff's statements concerning his limitations credible and reasonable given his medically determinable impairments, the objective medical evidence, and the doctor's experience as an orthopedic surgeon.  *Id.*  Dr. Gritzka further opined that based on his "review of the records, imaging studies and exam of Mr. Skewis, if the examinee had attempted even sedentary work on a full-time regular and sustained basis since his alleged onset of 9/30/09, his conditions would have resulted in absenteeism of more than three days per month. He would not be able to sustain a normal work day or work week because of his condition."  *Id.*

The ALJ gave Dr. Gritzka's opinions little weight for two reasons.  First, the ALJ discounted Dr. Gritzka's opinion because "he referred to the pre surgery MRI when he noted that there was significant intervertebral disk protrusion at L5-S1," and "[t]he more recent MRI showed no complication due to the status post right L5-S1 laminotomy; mild bulging disc, posterior bony spurring, and facet and ligamentum hypertrophy; moderate right stenosis at the L5-S1 level; and mild stenosis on the left."  AR 32.  The ALJ based this finding on the following paragraph in Dr. Gritzka's report:  "Based on the examinee's most recent MRI scan, he may not

REPORT AND RECOMMENDATION - 7

be at maximum medical improvement.  He has a significant intervertebral disk protrusion at L5-S1.  Whether this is recurrent or residual is unclear.  However, it is substantial and is in a position to cause his persistent right-sided low back pain and right lower extremity symptomatology." AR 555.

Plaintiff contends the ALJ erred by rejecting Dr. Gritzka's opinion on the ground that the doctor "relied only on the pre-surgery MRI."  ECF #14 at 6.  According to plaintiff, Dr. Gritzka specifically pointed to the most recent MRI from June 2012 when he found plaintiff had significant intervertebral disc protrusion at L5/S1.  Defendant responds that plaintiff's argument misstates the ALJ's reasoning as the ALJ did not discount Dr. Gritzka's opinion because he did not consider the most recent MRI.  Rather, defendant asserts, the ALJ properly found that Dr. Gritzka's opinion was not supported by contemporaneous medical evidence because plaintiff's most recent MRI from June 2012 did not show significant protrusion at L5-S1.

Defendant is correct that, contrary to plaintiff's argument, the ALJ did not reject Dr. Gritzka's opinion because he considered *only* the pre-surgery MRI.  *See* AR 32.  The issue, rather, is whether the ALJ properly found that Dr. Gritzka's opinion of significant intervertebral disc protrusion at L5-S1 is inconsistent with the 2012 MRI.  An ALJ may reject an opinion where there are inconsistencies between the opinion and the medical record.  *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); *see also Morgan*, 169 F.3d at 603 (ALJ appropriately considers internal inconsistencies within and between physicians' reports).  Here, the ALJ reasonably found that Dr. Gritzka's opinion was inconsistent with the 2012 MRI results, which, as the ALJ noted, included mild bulging disc, posterior bony spurring, facet ligamentum hypertrophy, and moderate right and mild left foraminal stenosis.  AR 32, 531.  The 2012 MRI did not indicate disc protrusion as Dr. Gritzka's report indicated, but rather only mild disc

REPORT AND RECOMMENDATION - 8

bulging.[3]  *Compare* AR 531 *with* AR 555.  Thus the ALJ did not err in discounting Dr. Gritzka's opinion on this ground.  *See Thomas*, 278 F.3d at 954 (the court must uphold the ALJ's decision if it is based on a rational interpretation of the evidence).

Dr. Gritzka's supplemental letter, which was submitted to and incorporated into the record by the Appeals Council, does not change this result.  *See* AR 582-83.  The Ninth Circuit has held that the district court may consider new evidence submitted for the first time to the Appeals Council in determining whether the ALJ's decision is supported by substantial evidence.  *See Ramirez v. Shalala*, 8 F.3d 1449, 1451-52 (9th Cir. 1993); *Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000); *Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996).  Although Dr. Gritzka's supplemental letter reiterates his opinion that plaintiff has a recurrent intervertebral disk herniation at L5-S1 and that this opinion is based on the 2009 and 2012 MRIs, AR 583, his letter does not undermine the ALJ's finding that his opinion of significant intervertebral disc protrusion was inconsistent with the 2012 MRI, which indicated only mild disc bulge, among other things, AR 531.

The ALJ also discounted Dr. Gritzka's opinion because "Dr. Gritzka appears to have relied on the claimant's subjective complaints of limitations as opposed to the objective medical evidence of record."  AR 32.  Plaintiff contends that this reason is erroneous because Dr. Gritzka did not rely upon plaintiff's self-reporting but, rather, found his pain claims credible in context with specific examination and objective findings.  Defendant responds that although Dr. Gritzka did consider some objective medical evidence, his opinions shows that he relied on plaintiff's subjective complaints, as well.

---

[3] As further evidence supporting the ALJ's finding, the undersigned notes that in the "Diagnosis" section of Dr. Gritzka's report, he noted "[apparent] intervertebral disk protrusion L5-S1 measuring, according to Kevin Roscoe, MD/radiologist, 10x9 mm in the axial direction and 8 mm in the craniocaudal direction."  AR 555.  Dr. Roscoe reviewed plaintiff's pre-surgery MRI, not the 2012 post-surgery MRI.  *See* AR 327-28.

REPORT AND RECOMMENDATION - 9

"An ALJ may reject a treating [or examining] physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti*, 533 F.3d at 1041 (quoting *Morgan*, 169 F.3d at 602).  Here, however, the ALJ's finding is not supported by substantial evidence.  As noted above, Dr. Gritzka expressly based his opinions on his review of plaintiff's medical records, the imaging studies, his examination of plaintiff, and his experience as an orthopedic surgeon.  AR 556.  Although he discussed plaintiff's subjective complaints, he found them to be supported by the objective evidence.  *See id.*  Thus, unlike in *Tommasetti*, where the ALJ properly rejected a doctor's opinion that "largely reflect[ed] [the plaintiff's] reports of pain, with little independent analysis or diagnosis," 533 F.3d at 1041, Dr. Gritzka's report reflects his independent analysis of plaintiff's subjective complaints by comparing them with the medical records, the imaging studies, his own exam of plaintiff, and his professional experience.

Nevertheless, although the ALJ erred in this respect, this error was harmless because, as discussed above, the ALJ provided another valid reason to reject Dr. Gritzka's opinion that is supported by substantial evidence.  *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).  Accordingly, plaintiff has failed to establish reversible error with respect to the ALJ's treatment of Dr. Gritzka's opinion.

II.    The ALJ's Assessment of Plaintiff's Credibility

Questions of credibility are solely within the control of the ALJ.  *See Sample*, 694 F.2d at 642.  The Court should not "second-guess" this credibility determination.  *Allen*, 749 F.2d at 580.  In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence.  *See id.* at 579.  That some of the reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's

REPORT AND RECOMMENDATION - 10

determination invalid, as long as that determination is supported by substantial evidence. *Tonapetyan*, 242 F.3d at 1148.

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester*, 81 F.3d at 834 (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834. The evidence as a whole must support a finding of malingering. *See O'Donnell v. Barnhart*, 318 F.3d 811, 818 (8th Cir. 2003).

In determining a claimant's credibility, the ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ also may consider a claimant's work record and observations of physicians and other third parties regarding the nature, onset, duration, and frequency of symptoms. *See id.*

The ALJ found that plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [RFC]."[4] AR 25. The ALJ provided two reasons to find plaintiff less

---

[4] The ALJ assessed the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). He is able to stand/walk for a total of 6 hours in a day; sit for a total of 4 hours a day; lift 20 pounds occasionally; lift 10 pounds frequently; occasionally balance, stoop, kneel, crouch, and crawl. He is able to perform work that does not involve heights, heavy equipment, and irregular surfaces. He is able to perform work that does not involve concentrated exposure to carcinogenic chemicals and vibrations. He is able to perform work that allows for a sit/stand option every 20 minutes.

REPORT AND RECOMMENDATION - 11

than fully credible. First, the ALJ found that "the objective medical evidence of record is not consistent with the claimant's allegations of disabling symptoms." AR 25. The ALJ supported this finding with an extensive summary of the medical evidence. *See* AR 25-29. Credibility determinations are inescapably linked to conclusions regarding medical evidence. *See* 20 C.F.R. § 404.1529. "While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); SSR 96-7p. Plaintiff attempts to rebut the ALJ's finding by arguing that Dr. Gritzka found plaintiff to be credible and that because the ALJ gave insufficient reasons to reject Dr. Gritzka's opinion, that opinion and the doctor's supplemental letter should establish plaintiff's credibility. Plaintiff's argument fails for at least two reasons. First, as discussed above, the ALJ provided sufficient reasons to reject Dr. Gritzka's opinion. Second, as defendant argues, Dr. Gritzka merely provided an alternative interpretation of the evidence, which is insufficient to invalidate the ALJ's own reasonable interpretation. *See Thomas*, 278 F.3d at 954.

      The ALJ also discounted plaintiff's credibility because his daily activities were inconsistent with his claimed limitations. AR 29. Specifically, the ALJ found:

> [I]n June of 2010, the claimant reported he was walking 30 to 60 minutes a day. When he saw a new provider on December 2, 2011, he reported a history of back pain and stated that he still has back pain and stiffness when he is not active enough. He also reported a worsening of pain in the right leg with activity, but he did not have weakness or paresthesias. He reported that he exercises 2-3 times a week (Ex 6F/1). In addition, he drives, watches T.V., works on the computer, reads, takes care of a dog, maintains his home and yard, reads, and interacts with family and friends (Ex 8F/2). He testified he uses a riding lawn mower once per week to mow a half acre and uses a weed eater about once per month. He testified he has gone elk hunting during the last two seasons. When he goes

AR 24.

REPORT AND RECOMMENDATION - 12

> hunting, he said he goes for 6-7 days and stays in a tent with friends. He did not testify that he had a handicapped permit so he obviously has to walk in to his camp area.

*Id.*

The Ninth Circuit has recognized that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick*, 157 F.3d at 722; *see also Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability."); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("Many home activities are not easily transferable to . . . the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication."). Nevertheless, daily activities can support an adverse credibility finding where they are inconsistent with the plaintiff's claimed limitations. *Reddick*, 157 F.3d at 722.

Plaintiff challenges the ALJ's finding that lawn mowing and elk hunting contradict his claimed limitations because he broke lawn mowing into short segments and because "[h]e did not say that the two hunting trips included shooting, or hauling equipment or dead ELK, but only camping in a large tent, with a stove, with his friends, essentially camping (Tr. 57-58)." ECF #14 at 12. The undersigned agrees that plaintiff's statements regarding lawn mowing indicate that he would take a break after 30 minutes, AR 227, and that this activity is insufficient to discount his credibility. *See Vertigan*, 260 F.3d at 1050; *Fair*, 885 F.2d at 603. The ALJ, however, reasonably found that plaintiff's elk hunting was not consistent with his allegation of disabling limitations. *See Tommasetti*, 533 F.3d at 1040 (ALJ properly inferred from evidence of claimant's travel that he was not as limited as alleged); *Sample*, 694 F.2d at 642 ("In reaching his

REPORT AND RECOMMENDATION - 13

findings, the law judge is entitled to draw inferences logically flowing from the evidence.") (cited sources omitted).

In sum, plaintiff has failed to establish that the ALJ committed harmful error in discounting his credibility.

III.   This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292.  Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."  *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted).  Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose."  *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001).  Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

Here, remand for further proceedings is the appropriate remedy because the ALJ's erroneous consideration of Dr. Allen's opinion requires further development of the record.

REPORT AND RECOMMENDATION - 14

CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ improperly concluded plaintiff was not disabled. Accordingly, the undersigned recommends as well that the Court reverse the ALJ's decision and remand this matter to defendant for further administrative proceedings in accordance with the findings contained herein.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **April 25, 2014**, as noted in the caption.

DATED this 9th day of April, 2014.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 15